**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LOGAN VOLPICELLI, | ) |
| Plaintiff, | ) |
| v. | ) 3:10-CV-548-RCJ-RAM |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

Currently before the Court is *pro se* Plaintiff Logan Volpicelli's Motion for Relief from Order (#27). The Court heard oral argument on December 6, 2011.

**BACKGROUND**

In 2003, Ferrill Volpicelli ("Ferrill") filed a "Petition to Correct Wrongful Levy" as next of best friend of his then twelve-year-old minor child, Plaintiff Logan Volpicelli ("Plaintiff"), in Judge McKibben's court. (*See* Opp'n to Mot. for Summ. J. (HDM #47) at 1).[1] Ferrill alleged that, in 2002, the IRS had served a levy upon all property or rights to the property belonging to Ferrill that had been held by the Reno Police Department. (*Id.*). In response, the Reno Police Department turned over two cashier's checks, made payable to Ferrill Volpicelli, to the IRS in the amounts of $4,713.80 and $5,014.75. (*Id.*). Ferrill alleged that Plaintiff was the true owner of the property because the cashier checks were created with funds that were directly traceable to a custodial account held for Plaintiff, then a minor. (*Id.* at 1-2).

In response to Ferrill's motion for summary judgment, the government argued that

---

[1] The 2003 case number is 3:03-cv-90-HDM-VPC. Docket citations to this case will be referenced as "HDM #__."

Ferrill lacked standing to bring the action on behalf of his minor child and cited *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997). (*Id.* at 2). Because Ferrill lacked standing to represent his minor son, the government argued that the court should deny Ferrill's motion for summary judgment. (*Id.*). The government also argued that, pursuant to *Johns*, the court should require Ferrill to obtain an attorney to litigate on behalf of Plaintiff and, should Ferrill fail to do so, the court should dismiss the case. (*Id.*).

Judge McKibben entered an order stating that "plaintiff's motion for summary judgment (#46) [was] denied." (Order (HDM #51)). The clerk of the court entered judgment in the case which stated that Ferrill's motion for summary judgment was denied and "judgment in favor of the [government] against [Ferrill]." (Judgment (HDM #52)).

In 2010, after turning eighteen years old, Plaintiff filed a Petition to Correct Wrongful Levy in this Court. (Compl. (#7)). The government filed a motion to dismiss arguing that the statute of limitations barred the claim and, alternatively, that 26 U.S.C. § 6532(c) did not permit equitable tolling in this case. (Mot. to Dismiss (#13) at 4, 7).

In July 2011, this Court granted the government's motion to dismiss, without a hearing, and found the following:

> Plaintiff argues that the previous case was dismissed without prejudice, but this does not appear to be the case. Judge McKibben entered judgment in favor of the United States and against Ferrill . . . Ferrill's appeal was dismissed for failure to prosecute . . . The case probably should have been dismissed without prejudice in the district court so that Plaintiff could bring the present action upon reaching majority . . . But it was not. Final judgment was entered against Ferrill in his capacity as Plaintiff's representative. The present claim is therefore precluded. Plaintiff's remedy at this point is to file a Rule 60(b)(6) motion for relief from judgment in Case No. 3:03-cv-00090-HDM-VPC. The Court expresses no opinion on the merits of the claim.

(Order (#25) at 1-2).

The motion for relief from that order (#27) now follows.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party or its legal representative from a final judgment, order, or proceeding for "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P.

2

60(b)(1), (6). Rule 60(b)(6) gives the district court power to vacate judgments whenever such action is appropriate to accomplish justice. *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982).

**DISCUSSION**

Plaintiff, *pro se*, argues that this Court should grant relief from its prior order pursuant to Federal Rules of Civil Procedure 60(b)(1) and (6). (Mot. for Relief (#27) at 1). Plaintiff argues that this Court erred when it stated that the previous case "appears" to have been dismissed with prejudice against Plaintiff because the previous order granted summary judgment based on the ruling that Ferrill had no standing to represent Plaintiff. (*Id.* at 6-7). Citing *Johns*, Plaintiff asserts that now that he has reached the age of majority, he is permitted by law to bring the action on his own behalf. (*Id.* at 8). Plaintiff asserts that this Court erred in finding that "final judgment was entered against Ferrill in his capacity as Plaintiff's representative" and that his present claim is therefore precluded. (*Id.*).

As an initial matter, the Court agrees with Plaintiff that it previously erred by ruling that Judge McKibben had dismissed Ferrill's case with prejudice. There is nothing in Judge McKibben's docket demonstrating that he had dismissed the case with prejudice. Moreover, Judge McKibben clearly considered the government's opposition to Ferrill's motion for summary judgment when deciding to deny Ferrill's motion and enter judgment for the government. In its opposition, the government specifically referenced and explained the Ninth Circuit's holding in *Johns*. As such, this Court presumes that Judge McKibben considered *Johns* in making his ruling.

In *Johns*, the Ninth Circuit explicitly held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns*, 114 F.3d at 877. The Ninth Circuit held that "the district court should not have dismissed the complaint with prejudice." *Id.* In order to protect the rights of a minor, "the district court should have dismissed the complaint without prejudice, thereby giving [the parent] further opportunity to secure an attorney at some later time within the limitations period and bring the action on behalf of his son. [The minor] should not be prejudiced by his father's failure to comply with

the court order." *Id.* The Ninth Circuit further noted that "the complaint should have been dismissed without prejudice rather than with prejudice so that [the minor] may bring this action on his own when he reaches the age of majority." *Id.* at 878.

Because the Court presumes that Judge McKibben considered this case when denying Ferrill's motion for summary judgment and entering judgment in favor of the government, the Court finds that Judge McKibben did not dismiss Ferrill's claims on behalf of his minor son with prejudice.

Nevertheless, even if this Court presumes that Judge McKibben dismissed the claims without prejudice, Plaintiff is statutorily barred from bringing the claims now. Pursuant to 26 U.S.C. § 7426(a), a person may bring a wrongful levy claim. 26 U.S.C. § 7426(a)(1). However, 26 U.S.C. § 6532(c) provides that "no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action." 26 U.S.C. § 6532(c)(1). Section 6532(c)(2) states that the 9-month period may be extended for a period of 12-months in certain circumstances. *Id.* § 6532(c)(2).

In *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997), the Supreme Court held that the doctrine of equitable tolling did not apply to a specified statute of limitations in the Internal Revenue Code. *Id.* at 354, 117 S.Ct. at 853. In that case, taxpayers filed claims for refunds several years after the relevant statutory time period had ended. *Id.* at 348, 117 S.Ct. at 850. The taxpayers had suffered from mental disabilities resulting in delays that were not their fault. *Id.* The taxpayers had asked the lower courts to extend the relevant statutory time period for equitable reasons not mentioned in the challenged statute, 26 U.S.C. § 6511. *Id.* The Supreme Court held that there was no implied exception in that statute that would permit equitable tolling. *Id.* at 349, 117 S.Ct. at 850. The Supreme Court held that the time limits in § 6511 were set in an "unusually emphatic form" because it set forth the limitations in a highly detailed technical manner that could not be read as containing implicit exceptions. *Id.* at 350, 117 S.Ct. at 851. The Supreme Court held that Congress did not intend for the courts to read other unmentioned, open-ended, equitable exceptions into the statute that it wrote and noted that tax law is not "normally characterized

by case-specific exceptions reflecting individualized equities." *Id.* at 352, 117 S.Ct. at 852.

In this case, § 6532(c)(1) explicitly provides the time limits for suits by persons other than taxpayers and explicitly provides a statute of limitations of 9-months from the date of the levy or agreement giving rise to such action. *See* 26 U.S.C. § 6532(c)(1). Additionally, § 6532(c) explicitly states when the 9-month period may be extended. *See* 26 U.S.C. § 6532(c)(2). Section 6532(c)(2) does not provide an exception for reaching the age of majority. Because the limitations do not provide for an implicit reading of an equitable exception due to the age of majority, Plaintiff is barred by the statute of limitations pursuant to *Brockamp*. As such, the Court denies the motion for relief from order (#27).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Relief from Order (#27) is DENIED.

DATED: This _7th_ day of December, 2011.

_____
United States District Judge